UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Jacksonville Division

"IN ADMIRALTY"

Bunkers International Corporation,

    Plaintiff,

v.

CASE NO.: 3:10-cv-315-J-32TEM

M/V ANASAZI, its engines, tackle and apparel,

The Bunkers Aboard the
M/V ANASAZI,

    Defendants *in rem*,

AHL Shipping Company,

    Defendant *in personam*,

and

The Master of the M/V ANASAZI,

Moran Shipping Agencies, Inc.
Moran Gulf Shipping Agencies, Inc.
NuStar Energy, Inc.
NuStar Energy Services, Inc.

    Garnishees.

_____/

## NOTICE OF FILING PROOF OF PUBLICATION

Please take notice that the Notice of Order For Sale of Vessel was published in the Financial News & Daily Record on April 29th and May 3, 2010. A true and correct

copy of Notice of Order For Sale of Vessel and Proof of Publication thereof are attached hereto as Exhibit A & B.

DATED at Jacksonville, Florida this 4th day of May, 2010.

/s/ Deborah R. Reid
_____
Lindsey C. Brock III
Fla Bar #971669
Deborah R. Reid
Fla Bar #0012871
Rumrell, Costabel, Warrington & Brock, LLP
9995 Gate Parkway North-Suite 190
Jacksonville, Florida 32246
(904) 996-1100
(904) 996-1120 (facsimile)

OF COUNSEL
J. Stephen Simms
John T. Ward
M. Scotland Morris
Simms Showers LLP
Suite 702
20 South Charles Street
Baltimore, Maryland 21201
Telephone: 410-783-5795
Facsimile: 410-510-1789

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 4, 2010, I electronically filed the foregoing documents with the Clerk of the Court using CM/ECF.

/s/ Deborah R. Reid
_____
Lindsey C. Brock III
Fla Bar #971669
Deborah R. Reid
Fla Bar #0012871
Rumrell, Costabel, Warrington & Brock, LLP

**NOTICE OF ORDER FOR SALE OF VESSEL**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

Bunkers International Corporation,

v.

M/V ANASAZI, its engines, tackle and apparel, etc., et al.,

CASE No: 3:10-CV-315-J-32TEM

The Motion of Plaintiff, Bunkers International Corporation, for an Order for Interlocutory Sale of the Motor Vessel ANASAZI, etc., et al., having been considered, and it appearing that the M/V ANASAZI ("Vessel") was arrested on April 15, 2010 by the United States Marshal; that no security for the release of the Vessel has been posted; and that an interlocutory sale of the Vessel and her bunkers should be held on an immediate basis; that the Vessel is in the custody of the substitute custodian for the United States Marshal; that further expenses will be incurred for the maintenance and preservation of said Vessel and her bunkers while in the custody of the substitute custodian; that the expenses of keeping the Vessel is disproportionate to its value and that the Vessel is liable to deterioration, decay, or injury by being detained in custody; and that it is in the best interest of all parties that the sale of the Vessel and her bunkers be made promptly in order to avoid further expenses, it was on April 28, 2010, by the United States District Court for the Middle District of Florida,

ORDERED that pursuant to Supplemental Federal Admiralty Rule E(9)(b) and LAR 7.05, and the Court's Order dated April 28, 2010, the United States Marshal ("Marshal") be, and hereby is, authorized and directed to sell the Vessel, her bunkers, engines, tackle, etc., free and clear of all liens, and to make all necessary preparations and arrangements in furtherance of such sale, with sale to be held at 10:00 a.m., Thursday, May 6, 2010 at the Bryan Simpson United States Courthouse, 300 North Hogan Street, Jacksonville, FL 32202 at public auction for cash to the highest bidder upon the following terms:

(1) **Notice.** Notice of the sale shall be published once by the Plaintiff in the *Financial News & Daily Record*, one (1) calendar week before the sale and three (3) days before the sale, setting forth the date, time, place, and terms of the sale. No further publication of the sale shall be required. Plaintiff's counsel shall file with the Court a copy of the publication of sale.

(2) **Payment of Bid.** A cash deposit or cashier's or certified check expressed in U.S. Currency in an amount not less than ten percent (10%) of the bid shall be paid at the time the bid is accepted. The remaining balance of the purchase price shall be paid in cash, by certified check, or by cashier's check drawn on banks insured by the Federal Deposit Insurance Company, or the Federal Savings and Loan Insurance Corporation within three (3) days, including weekend days, after the day on which the bid was accepted unless an objection to the sale is filed within this three-day period. If an objection is so filed, the bidder is excused from paying the balance of the purchase price until three court days after the sale is confirmed. Plaintiff shall have the right to make a credit bid of its maritime lien against the Vessel, maritime attachment and bunker arrest, and custodial expenses claims, in the amount of the maritime lien, value of the bunkers attached or arrested, and custodial expenses, which plaintiff has paid or advanced (herein, "Claims") up to the full amount of said, according to the priority of such Claims, including all expended fees, costs, and interest, such amount being for Plaintiff or any assignee of such Claims the same as if Plaintiff or its assignee had bid cash.

(3) **Minimum Bid.** Any sale of the Vessel shall be for a minimum bid of no less than Six Hundred Thousand Dollars ($600,000).

(4) **Default.** If the successful bidder does not pay the balance of the purchase price within the time allowed, the bidder shall be in default. In such a case, the judicial officer may accept the second highest bid or arrange a new sale. The defaulting bidder's deposit shall be forfeited and applied to any additional costs incurred by the Marshal because of the default, the balance being retained in the registry of the Court awaiting its order.

(5) **Report of Sale by Marshal.** At the conclusion of the sale, the Marshal shall forthwith file a written report with the Court of the fact of sale, the date, the price obtained, the name and address of the successful bidder, and any other pertinent information. All expenses of maintenance, preservation, insurance, publications, and any other expenses necessarily incurred by the Marshal or any plaintiffs for the preservation of the M/V ANASAZI and her bunkers pending sale (including, but not limited to, for wharfage, and the repatriation of crew) and any and all fees paid to any broker in connection with said sale, through the date of confirmation of the sale, shall be deemed to be administrative expenses, shall be taxed as part of the costs of the case, and shall be a first charge and first lien, superior to all other claims, charges, costs, and liens against the M/V ANASAZI and her bunkers and shall be deducted from and paid out of the proceeds of said auction sale, with the balance remaining to be deposited into the registry of this Court to stand in place of the Vessel and her bunkers, pending further disposition of this action.

(6) **Time and Procedure for Objection to Sale.** An interested person may object to the sale by filing a written objection with the Clerk within three (3) days following the sale, serving the objection on all parties of record, the successful bidder, and the Marshal, and depositing such sum with the Marshal as determined by him to be sufficient to pay the expense of keeping the property for at least fourteen (14) days. Payments to the Marshal shall be in cash, certified check or cashier's check drawn on banks insured by the Federal Deposit Insurance Corporation or the Federal Savings and Loan Insurance Corporation.

(7) **Confirmation of Sale.** The sale shall be confirmed without further order of the Court three (3) days after the date of sale, including weekend days, unless an objection to the sale has been filed within those three days pursuant to the local Admiralty Rules, the objector at the time of the objection, also making the deposit as this Order requires. No objection shall be valid unless accompanied by the required deposit. In the event of such objection, the Court shall hold a hearing on the confirmation of the sale. The Marshal shall transfer title to the purchaser upon the confirmation of sale.

(8) **Disposition of Deposits.**
(i) **Objection Sustained.** The sum deposited by the objector will be applied to pay the fees and expenses incurred by the Marshal in keeping the property until it is resold, and any balance remaining shall be returned to the objector. If an objection is sustained, the United States Marshal shall immediately return any remaining sums deposited by the successful bidder. The objector will be reimbursed for the expense of keeping the property from the proceeds of a subsequent sale.

(ii) **Objection Overruled.** If the objection is overruled, the sum deposited by the objector will be applied to pay the expense of keeping the property from the day the objection was filed until the day the sale is confirmed, and any balance remaining will be returned to the objector forthwith.

Thomas D. Hurlburt, Jr.
United States Marshal
Bryan Simpson United States Courthouse
300 North Hogan Street
Jacksonville, FL 32202
J. Stephen Simms, Esq.
Simms Showers LLP, Suite 702
20 S. Charles Street
Baltimore, Maryland 21201
(410) 783-5795
RUMRELL, COSTABEL, WARRINGTON & BROCK, LLP
Lindsey C. Brock, III, Esq.
Deborah R. Reid, Esq.
9995 Gate Parkway North #190
Jacksonville, Florida 32246
904-996-1100
Bunkers International Corporation Counsel
Apr. 29, May 3                      00 (10-8146)

*Financial News & Daily Record*

EXHIBIT A

# Financial News & Daily Record

**PROOF OF PUBLICATION**

(Published Daily Except Saturday and Sunday)
Jacksonville, Duval County, Florida

STATE OF FLORIDA, ⎫
⎬ SS:
COUNTY OF DUVAL, ⎭

Before the undersigned authority personally appeared James F. Bailey, Jr., who on oath says that he is the Publisher of FINANCIAL NEWS and DAILY RECORD, a daily (except Saturday and Sunday) newspaper published at Jacksonville, in Duval County, Florida; that the attached copy of advertisement, being a

__Notice of Order for Sale of Vessel__

in the matter of __The Anasazi__

in the _____ Court, of Duval County, Florida, was published in said newspaper in the issues of __April 29, 2010   May 3, 2010__

Affiant further says that the said FINANCIAL NEWS and DAILY RECORD is a newspaper at Jacksonville, in said Duval County, Florida, and that the said newspaper has heretofore been continuously published in said Duval County, Florida, each day (except Saturday and Sunday) and has been entered as second class matter at the post office in Jacksonville, in said Duval County, Florida, for a period of one year next preceding the first publication of the attached copy of advertisement; and affiant further says that he has neither paid nor promised any person, firm or corporation any discount, rebate, commission or refund for the purpose of securing this advertisement for publication in said newspaper.

_____
Publisher

Sworn to and subscribed before me this day of __May 3, 2010__

ANGELA CAMPBELL
Notary Public, State of Florida
My Comm. exp. April. 10, 2013
Comm. No. DD 858339

_Angela Campbell_
Notary Signature

Angela Campbell
Notary Public
DD858339

seal   James F. Bailey, Jr. personally known to me

**EXHIBIT B**