UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Jacksonville Division
"IN ADMIRALTY"

Bunkers International Corporation,

    Plaintiff,                             CASE NO.: 3:10-CV-315-J-32 TEM

v.

M/V ANASAZI, its engines, tackle and apparel, *et al.*,

    Defendants and Garnishees.
_____

**BUNKERS INTERNATIONAL'S OPPOSITION
TO THE UNITED STATES' MOTION FOR ENTRY OF DEFAULT
BY THE CLERK OF THE COURT**

    Bunkers International Corporation opposes the United States' Motion for Entry of Default by the Clerk of the Court. Although the Motion is made, it says, pursuant to Rule 55(a) of the Federal Rules of Procedure and Local Rule 7.03(h), it does not comply with Local Rule 7.03(h) which says "[A] party seeking the entry of default *in rem* shall first file a motion <u>and supporting legal memorandum in accordance with Local Rule 3.01.</u>" (Emphasis added). Local Rule 3.01(a) specifically requires:

> In a motion or other application for an order, the movant shall include a concise statement of the precise relief requested, a statement of the basis for the request, and a memorandum of legal authority in support of the request . . . ."

The United States filed no such memorandum.

    Although the United States filed a Declaration by Counsel, Peter G. Myer, in apparent compliance with Local Rule 3.01(h)(1-3), the declarant, in his statement of "facts relevant to entry of default by the Clerk of the Court" neglected to point out to the Clerk that a motion has been

pending before the Court since May 15, 2010 to strike the United States' claims in this case for failure to comply both with Court Orders and with the Local Rules. The declaration is dated May 19, 2010. Further, the declarant did not (and could not) state that the movant has conferred with opposing counsel in an effort, in good faith or otherwise, to resolve issues (such as the ones discussed herein) raised by the motion. See Local Rule 3.01(h)(g).

Obviously, there cannot be a default entered on a complaint which is - and never has been - properly before this Court. Instead, as Bunkers International has shown, MARAD (the United States Maritime Administration) has violated this Court's Orders and the Local Admiralty Rules, and its attempt to intervene should be stricken. Any of the Court's acceptance of MARAD's intervening complaint was conditional on MARAD's honoring this Court's Orders and the Local Rules, which MARAD entirely has failed to do. MARAD therefore has not properly intervened in this case; its attempt to do so is wrongful and this Court should strike the attempted intervention.

.

/

[Continued on Next Page]

/

This Court, including the Clerk therefore should not enter a default order at the request of a party whose very right to bring a claim is in dispute. That party's continuing refusal to comply with the explicit terms of the Local Rules and this Court's express Orders simply underscores the inappropriateness of such an order. Bunkers International therefore that the Clerk not enter the requested order of default.

Dated: May 23, 2010.

| | |
|---|---|
| RUMRELL COSTABEL WARRINGTON & BROCK, LLP | /s/ J. Stephen Simms<br>J. Stephen Simms<br>John T. Ward |
| Lindsey C. Brock, III, Esquire<br>Florida Bar No.: 971669<br>brock@rumrelllaw.com<br>Deborah R. Reid, Esquire<br>Florida Bar No.: 0012871<br>reid@rumrelllaw.com<br>9995 Gate Parkway North # 190<br>Jacksonville, Florida 32246<br>904-996-1100 telephone<br>904-996-1120 facsimile | M. Scotland Morris<br>Simms Showers LLP<br>Suite 702<br>20 South Charles Street<br>Baltimore, Maryland 21201<br>Telephone: 410-783-5795<br>Facsimile: 410-510-1789 |

Bunkers International Corporation Counsel

**CERTIFICATE OF SERVICE**

I hereby certify that on May 235, 2010 I caused the foregoing to be filed on the Court's CM/ECF system for service on all record counsel.

/s/ J. Stephen Simms