**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
"IN ADMIRALTY"**

BUNKERS INTERNATIONAL CORPORATION,

    Plaintiff,

and                                                                                CASE NO. 3:10-cv-315-J-32TEM

ENJET, LLC,

    Intervening Plaintiff,
vs.

M/V ANASAZI, its engines, tackle and
apparel, *et al.*,

    Defendants and Garnishees.
_____/

## O R D E R

This matter is before the Court on Bunkers International Corporation's ("Bunkers") motion for final payment of expenses in *custodia legis* (Doc. #139, Motion). For the reasons stated herein, the Motion shall be denied without prejudice.

As an initial matter, the Court would note that there is no certifying statement contained within the Motion which would verify compliance with Local Rule 3.01(g), United States District Court, Middle District of Florida.

The importance of the procedural rules cannot be overstated. All counsel are expected to be familiar with and comply with all applicable rules of this Court. With respect to Local Rule 3.01(g), the Court has noted "[t]he purpose of the rule is to require the parties to communicate and resolve certain types of disputes without court intervention." *Desai v. Tire Kingdom, Inc.*, 944 F.Supp. 876 (M.D. Fla. 1996). At least

one magistrate judge in the Middle District of Florida has construed the mandates of Rule 3.01(g) to "mean to speak to each other in person or by telephone, in a good faith attempt to resolve disputed issues." *Davis v. Apfel*, 2000 WL 1658575 (M.D. Fla. 2000). Many disputes are more easily resolved when the parties actually speak with each other. Although the Court recognizes that defense counsel may have inadvertently omitted a Local Rule 3.01(g) certifying statement from the Motion, the Court will nevertheless deny the Motion with leave to refile in accordance with the applicable rules of this Court.

The Court additionally requires clarification with respect to fees accrued prior to the vessel being arrested. Specifically, Bunkers desires *custodia legis* reimbursement for: (1) a barging fee of $19,375.00; (2) a barge surcharge of $2,131.25; and (3) a harbor fee of $28.50 related to 600 metric tons of marine fuel that was delivered to the vessel on March 20, 2010.[1]

Bunkers maintains that 328 metric tons of the aforementioned 600 metric tons of fuel was used to maintain the vessel while in custody (Doc. #139 at 2-3). The cost of such fuel is reported to be $458.00 per metric ton. In accordance therewith, the request for fuel reimbursement in the amount of $150,224.00 for 328 metric tons appears to be appropriate; however, the barging fee, barge surcharge, and harbor fee, *supra*, relate to the entire 600 metric tons of fuel, which was delivered prior to the arrest of the vessel. If Bunkers desires to be reimbursed for these amounts, it must advise the Court as to why such amounts should not be pro rated per metric ton.

---

[1] The verified complaint was filed on April 15, 2010, and the vessel was seized that same day (*see e.g.*, Docs. #1, #10, and #12).

2

Based on the foregoing, it is hereby **ORDERED**:

Bunkers International Corporation's motion for final payment of expenses in *custodia legis* (Doc. #139) is **DENIED without prejudice**, with leave to refile as provided herein.

**DONE AND ORDERED** at Jacksonville, Florida this 26th day of October, 2010.

Copies to all counsel of record

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge