**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

**"IN ADMIRALTY"**

BUNKERS INTERNATIONAL
CORPORATION,

    Plaintiff,

vs.                                        CASE NO. 3:10-cv-315-J-32TEM

M/V ANASAZI, its engines, tackle and
apparel, et al.,

    Defendants and Garnishees.
_____

## O R D E R

This case is before the Court on the Further Amended Stipulation for Final Distribution and to Dismiss the Case with Prejudice (Doc. #213, Further Amended Stipulation), filed on May 8, 2012. The parties Bunkers International Corp., Trustee Timothy A. Brown, and the United States, which are the only remaining parties with an interest in the *res*' in this action, have requested the Court: (1) distribute the remainder of the monetary proceeds from the sale of the M/V Anasazi; (2) vacate the outstanding writs of garnishment, with each garnishee being terminated from the case and each garnishee bearing its own attorney fees and costs in connection with the garnishment writs; and, (3) dismiss the case with prejudice. This matter has been referred to the undersigned for disposition of items (1) and (2).

**Relevant Background**

The Court will state an abbreviated background summary, related to the progress of the case since the last Court proceeding.

This case came before the Court on February 17, 2012, for a telephonic status hearing on the pending motions and the overall progress of the case (*see* Doc. #201, Clerk's Minutes).[1]  Counsel for Bunkers International, the United States, and Trustee Timothy A. Brown, Captain, as Chairman of the Board of Trustees of the Masters, Mates, and Pilots Individual Retirement Account Plan and Vacation Plan (hereinafter "Trustee, Timothy A. Brown"), were present on the telephone for the hearing.  The Court heard discussion among the parties concerning, *inter alia*, the overall status of the case, the status of Defendant AHL Shipping Company that was sued *in personam*, and the status of the Garnishees that remain on the record in the case.[2]  The Court also heard discussion concerning the disposition of related cases in the Eastern District of Texas, in which vessels that were initially similarly situated to the M/V Anasazi were seized.  The disbursements from the proceeds of the sale of the M/V Anasazi were discussed, as was the balance of funds currently available from that sale.

During the course of the hearing, counsel advised Defendant AHL Shipping Company ("AHL") remains in bankruptcy proceedings in the Eastern District of Louisiana and has abandoned all vessels as part of the AHL Bankruptcy Estate.  Counsel at the hearing also stated no party will seek a deficiency judgment against AHL in this Court, but

---

[1]The non-transcribed recording of the hearing is hereby incorporated by reference. The parties may contact the Courtroom Deputy of the undersigned if a transcript of the hearing is desired.

[2]The undersigned notes that the Bankruptcy Court for the Eastern District of Louisiana, New Orleans Division, has lifted the stay of court proceedings against AHL to "permit the United States District Court for the Middle District of Florida to disburse the proceeds of the sale of SS Anasazi to any entity in any amount as that Court deems warranted by law" (Doc. #168, United States of America's Notice of Modification to Bankruptcy Stay, Exh. A).

each has filed its proof of claim with the Bankruptcy Court.[3] Thus, the claimants to the *res*' in this action have submitted to the jurisdiction of the Bankruptcy Court over their claims against AHL *in personam*.

Also during the hearing, Plaintiff's counsel declared the value of the bunkers of fuel still on the Anasazi at the time of sale was approximately $161,000. The bunkers of fuel giving rise to this lawsuit were mostly burned during the voyage of the Anasazi to Jacksonville, Florida and during the days following its arrest. *Cf.*, Substitute Custodian's Motion for Payment & Deposit of Custodial Expenses, Doc. #50 (noting the "extraordinarily high" expenses were driven in part by the fuel consumption while at dock, which was approximately $10,000 per day).

At the conclusion of the hearing, counsel advised the Court of ongoing settlement discussions that could lead to the resolution of the case without further litigation. In the event an impasse might be reached in the settlement talks, counsel for Trustee, Captain Timothy A. Brown, and the United States sought and were granted leave to file summary judgment motions. However, on April 9, 2012, those parties participating in the telephonic hearing filed the Stipulation Seeking Final Distribution (Doc. #209). On April 24, the same parties filed the Amended Stipulation for Final Distribution and to Dismiss the Case With Prejudice (Doc. #210), as well as the Status Report (Doc. #211).

---

[3] Review of the online PACER Case Locator system reveals *In re AHL Shipping Company*, Case No. 2:10-bk-12167, is an action for a Chapter 7 bankruptcy liquidation. *See* https://pacer.uspci.uscourts.gov/search (select Bankruptcy tab; Region: Louisiana; Case Number 10-12167) (last visited May 7, 2012); *also see Horne v. Potter*, 392 Fed. Appx. 800, 802 (11th Cir. 2010) (finding it proper for the district court to take judicial notice of public records that were "not subject to reasonable dispute because they were capable of accurate and ready determination by resort to sources whose accuracy could not be reasonably questioned") (internal quotations and citations omitted).

On May 8, 2012, Plaintiff Bunkers International and the Intervenor Plaintiffs filed the Notice of Dismissal (Doc. #212) and the Further Amended Stipulation For Final Distribution and to Dismiss the Case With Prejudice (Doc. #213), advising the Court of the parties' desire to voluntarily dismiss AHL Shipping Company from this case and to vacate all of the previously issued writs of garnishment. It is the opinion of the undersigned that the documents filed on May 8 clarify the positions of the parties and resolve any concerns about other entities named in this suit.

Upon examination of the record as a whole, including the numerous hearings the undersigned has held with entities involved in this action, the undersigned concludes it is just and proper to accept the settlement of the parties as set forth in the Further Amended Stipulation (Doc. #213). Thus, upon due consideration, it is hereby **ORDERED:**

1.  The United States Marshal's Service[4] shall distribute the remaining $467,148.80 from the sale of M/V Anasazi on May 11, 2010 (*see* Doc. #104, Bill of Sale) pursuant to the terms of this Order.

    (a)  One hundred fifty thousand two hundred twenty-four dollars and no cents ($150,224) shall be paid to Plaintiff Bunkers International Corporation, by check or electronic funds transfer to the designated account of its counsel, Simms Showers, LLP, as reimbursement of the last of its *custodia legis* expenses. Counsel shall provide the USMS with the account number and routing number for the electronic funds transfer, if so desired, within ten (10) days from the date of this Order, otherwise the USMS shall issue

---

[4] Contact with personnel of the United States Marshal's Service ("USMS") on May 14, 2012 verified the funds from the sale of the Anasazi remain with the USMS and are available for disbursement upon order of the Court.

a check to Bunkers International Corporation in care of Simms Showers, LLP, to be mailed to the address of record for counsel.

(b)     One hundred sixteen thousand six hundred fifty-three dollars and fifty-two cents ($116,653.52) shall be paid to Intervenor Plaintiff Trustee Timothy A. Brown, by check or electronic funds transfer to the trust account of its counsel, Boyd & Sutter, PA, as reimbursement for its seamen's wage lien. Counsel shall provide the USMS with the account number and routing number for the electronic funds transfer, if so desired, within ten (10) days from the date of this Order, otherwise the USMS shall issue a check to Trustee Timothy A. Brown, Captain, as Chairman of the Board of Trustees of the Masters, Mates, and Pilots Individual Retirement Account Plan and Vacation Plan in care of Boyd & Sutter, PA, to be mailed to the address of record for counsel.

(c)     Two hundred thousand two hundred seventy-one dollars and twenty-eight cents ($200,271.28) shall be paid to Intervenor Plaintiff the United States, by electronic funds transfer to the United States Department of Justice, as partial reimbursement for its First Preferred Fleet Mortgage. Counsel shall provide the USMS with the account number and routing number for the electronic funds transfer within ten (10) days from the date of this Order.

2.     All Writs of Garnishment issued in this action to the Garnishees identified below shall be immediately vacated. The Clerk is directed to terminate all Garnishees from this case. All Garnishees shall bear their own attorney fees and costs associated with this litigation. Writs of Garnishment against: (1) The Master of the M/V Anasazi; (2) Moran Shipping Agencies, Inc.; (3) NuStar Energy, Inc.; (4) Moran Gulf Shipping Agencies, Inc.; (5) NuStar Energy Services, Inc.; (6) Vitol, Inc.; and, (7) Colonial Oil Industries, Inc. are

vacated.

**DONE AND ORDERED** at Jacksonville, Florida this 15<u>th</u> day of May, 2012.

*[signature]*

THOMAS E. MORRIS
United States Magistrate Judge

Copies to all counsel of record
   and *pro se* parties, if any